UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. 05-CV-01699 CRB<br><br>MDL No. 1699 |
| This Document Relates To:<br><br>John Bolwell   05-3902 CRB<br>Alane Davis    05-3902 CRB<br>John Barker    06-0057 CRB<br>Jack Andrews   06-2713 CRB<br>Thelma Andrews  06-2713 CRB<br>Louise M. Porac  06-6779 CRB<br>Rhonda Monger  08-4187 CRB<br>Teecola F. Kendrick 08-4281 CRB<br>Barbara Ann Smith 08-4282 CRB<br>Debra Kinds    08-4283 CRB | **ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**<br><br>Date: October 14, 2011<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer |

  This multidistrict litigation has been pending before this Court since September 6, 2005, when the Judicial Panel on Multidistrict Litigation ("JPML") coordinated certain cases involving Bextra and Celebrex and assigned them to this Court. After extensive discovery, motions practice, and a bellwether selection process, in May 2008, immediately before the start of the first bellwether trial in these MDL proceedings, the parties informed the Court that they had resolved in principle a large number of the product liability cases on the Court's docket and anticipated

resolving a large number of the remaining product liability cases.  On October 17, 2008, the Court issued Pretrial Order No. 31, which required certain remaining product liability plaintiffs – those who had not resolved their claims in a settlement process overseen by Special Master Fern M. Smith – to provide case-specific expert reports on causation ("the *Lone Pine* Order"), which further advanced the parties' resolution efforts.  Over the past three years, with the able assistance of Special Master Smith and Plaintiffs' and Defendants' Liaison Counsel, the parties resolved the vast majority of the remaining product liability cases.  The Court recognizes that the process of finalizing the product liability settlements has been a complex one that has required extensive effort from the parties given the large number of cases at issue.  In consultation with Plaintiffs' and Defendants' Liaison Counsel, the Court has granted the parties considerable time to complete the settlement process.

While the Court has allowed substantial time to allow the product liability settlement process to conclude, the Court sees no reason why the parties cannot complete long-pending product liability settlements this year.  On November 22, 2010, this Court entered an Order to Show Cause Why All Plaintiffs Other Than Those Listed in Exhibit B Should Not Be Dismissed for Lack of Prosecution ("the November 22, 2010 OSC").  *See* Docket No. 3445.  Five of the ten above-captioned Plaintiffs (John Bolwell, Louise M. Porac, Rhonda Monger, Barbara Ann Smith and Debra Kinds) were listed in Exhibit B to the November 22, 2010 OSC.  These five Plaintiffs were not ordered to appear before the Court at the subsequent hearing on December 17, 2010, because they had not executed a settlement agreement with Pfizer (or reached an agreement in principle) at that time.  Two of the above-captioned Plaintiffs (Alane Davis and Teecola F. Kendrick) were not listed in Exhibit B to the November 22, 2010 OSC, but have asserted claims that derive from the claims of Plaintiffs that were listed in that Exhibit (John Bolwell and Willie Kendrick, respectively).  The remaining three above-captioned Plaintiffs (John Barker, Jack Andrews and Thelma Andrews) were not among the Plaintiffs listed in the exhibits to the November 22, 2010 OSC.  At this time, all of the above-captioned Plaintiffs except for John Barker, Jack Andrews and Thelma Andrews have reached an agreement in principle with Pfizer.

ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION – M:05-CV-01699-CRB

EAST\45627117.1

After carefully considering the status of the litigation and the ample notice provided to litigants by the Court and the Pfizer Defendants, the Court hereby ORDERS as follows:

All counsel for the above-captioned Plaintiffs (or Plaintiffs themselves, if they are pro se) must appear <u>in person</u> at the hearing on <u>October 14, 2011 at 10:00 a.m.</u> to show cause as to why Plaintiffs' lawsuits should not be dismissed <u>with prejudice</u> for a lack of prosecution.  *See* Fed. R. Civ. P. 41.  If any Plaintiff wishes to contest the dismissal of his or her lawsuit for failure to prosecute, the Plaintiff shall notify the Court in writing on or before <u>October 4, 2011</u> of the reasons the case should not be dismissed and shall provide a copy of any such communication to counsel for the Pfizer Defendants and Plaintiffs' Liaison Counsel.  Plaintiffs are warned that failure to communicate with the Court in writing as set forth above <u>and</u> appear at the hearing will result in dismissal of the Plaintiff's claims <u>with prejudice</u>.

**IT IS SO ORDERED.**

Dated: ~~October~~ August 24, 2011



HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE