FILED

MAR 27 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. 05-CV-01699 CRB<br><br>MDL No. 1699 |
| This Document Relates To:<br><br>John Bolwell     05-3902 CRB<br>Alane Davis     05-3902 CRB | **ORDER OF DISMISSAL WITH PREJUDICE** |

    Now before the Court is an Order to Show Cause why the claims asserted by Plaintiffs John Bolwell & Alane Davis should not be dismissed for failure to prosecute. Plaintiffs reached an agreement in principle to resolve their claims against Pfizer in December 2010. Because they still had not executed the necessary settlement paperwork nearly one year later, on August 24, 2011, this Court issued the Order to Show Cause ("OSC"). On October 14, the Court held a hearing on the OSC (the first OSC hearing) and continued the order for sixty days in light of representations by Plaintiffs' counsel that Plaintiffs would complete the settlement within that time, which Pfizer did not oppose. The Court later continued the OSC hearing further, until March 22, in light of its calendar. Prior to March 22, Plaintiffs still had not provided any of the documentation necessary to complete their settlement.

    The morning of the second OSC hearing, Plaintiffs finally provided to Pfizer most of the documentation necessary to complete their settlement, with the exception of a document Plaintiffs

- 1 -
ORDER OF DISMISSAL WITH PREJUDICE – 05-CV-03902-CRB

EAST\48041409.1

1  are required to obtain from the Centers for Medicare & Medicaid Services ("CMS") indicating
2  whether CMS asserts any interest in the settlement and, if so, the amount necessary to resolve that
3  interest (known as a "Final Demand Letter"), which Plaintiffs are required to provide to Pfizer
4  before Pfizer makes any payment under the settlement. In a number of other instances, where a
5  Plaintiff has performed all of his or her obligations under a settlement except for providing a
6  Final Demand Letter to Pfizer, the parties have consented to dismiss the case from the Court's
7  docket pending Plaintiff's receipt of the Final Demand Letter, subject to the case being reinstated
8  to the docket if Plaintiff is not able to obtain a Final Demand Letter or the parties otherwise do
9  not perform their obligations under the settlement agreement. In discussions with Pfizer's
10 counsel, these Plaintiffs previously have not been willing to consent to a dismissal under such
11 conditions.

12 This Court, however, is not willing to have Plaintiffs' case languish on its docket while
13 Plaintiffs await the Final Demand Letter from CMS. Accordingly, Plaintiffs' claims hereby are
14 DISMISSED WITH PREJUDICE. If either party informs the Court before December 21, 2012,
15 that Plaintiffs have not obtained a Final Demand Letter, such that the parties cannot perform their
16 obligations under the settlement, the Court may reinstate the case to its docket at that time.

17 **IT IS SO ORDERED.**

19 Dated: 3/27, 2012

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

EAST\48041409.1